

**ZACHARY W. CARTER**
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

TOBIAS E. ZIMMERMAN
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

September 4, 2014

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Cuame Nelson v. Wahab, et al.*, 14-CV-2013 (ILG) (JO);
>       Request to Extend Defense Counsel's Time to Identify Additional Officers

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to the defense of the defendant police officers in the above-referenced matter.[1]  I write to respectfully request that the deadline set in the Court's Order of August 22, 2014 [docket no. 11] for defense counsel to identify "all individual officers deployed to the scene of the June 2, 2013 arrest" be extended from September 5th to September 12, 2014.  Plaintiff's counsel, Baree Fett, Esq., informs me that Plaintiff does not object to this request.

On June 2, 2013, Plaintiff was arrested by officers from the 73rd Precinct and taken to that command for arrest processing.  This arrest occurred amidst a larger deployment resulting from a shooting incident that had occurred.  Defense counsel previously provided Plaintiff's counsel with the names of two additional officers who are believed to have directly witnessed and been involved in the two arrests at issue in this case.   At the August 22, 2014 Initial Pretrial Conference, the Court ordered, *inter alia*:

> No later than September 5, 2014, the defendants' counsel shall provide to the plaintiff the names, shield numbers, and proper service addresses of all individual officers deployed to the scene of the June 2, 2013, arrest at issue in this case. In the event of a failure to comply, I will schedule a hearing at which the police department official responsible for maintaining such information shall appear to explain any impediment to compliance.

*See* 08/22/2014 Order.

---

[1] The City of New York has not been named as a defendant to this action.

Pursuant to this Order, I requested from the NYPD the Roll Calls identifying all officers on duty during the relevant time frame in the 73rd Precinct, as well as Housing Police Service Area #2, which is the command of the officer involved in the other, unrelated, arrest at issue in this case. Both of the commands were also asked to provide any "49"s – "Unusual Incident Reports" – pertaining to the crime scene that provided the backdrop for the June 2, 2013 arrest. However, after several searches, neither command was able to identify or locate any such document.

I also requested, and was today provided a copy of the SPRINT report, which contains a log of radio transmissions related to the June 2, 2013 shooting incident. Upon reviewing this document, I learned for the first time that numerous officers from the 77th Precinct were also involved with responding to the scene. In fact, from this document it appears that it was officers from the 77th Precinct who were the first to respond to the scene of the shooting, and it is therefore likely that, if a "49" was created for this event, it will be found at that command.

The uncertainty regarding relevant commands is due to the location of the shooting and Plaintiff's arrest. The 1150-1199 block of East New York Avenue, where this occurred, defines part of the boundary between the 73rd and 77th precincts. Moreover, the borders of two other precincts, the 67th and 71st, also converge in the immediate area surrounding that location:



**Map showing precinct boundaries (blue lines) surrounding 1178 East New York Avenue**[2]

---

[2] *See* http://www.nyc.gov/html/nypd/html/precinct_maps/precinct_finder.shtml# for a map of all NYPD precincts.

Thus, including Housing PSA #2, which covers 42 NYCHA housing developments in the 73rd and 77th Precincts, there are five uniformed commands that might have had officers in close proximity to that event.

      In light of this new information, I today requested that the NYPD expand the inquiry to include the three additional precincts that might have sent officers to the scene, and have also requested assistance in interpreting the SPRINT report to identify units from any other commands – such as Emergency Services Units – that responded to the event. Additional time is needed for me to obtain this information from third-party NYPD, and to review the results of this expanded inquiry.

      For the foregoing reasons, I request that the Court's August 22nd Order be modified to enlarge the time for defense counsel to provide the information specified in numbered paragraph "2" of that Order from Friday September 5th to Friday September 12, 2014.

      I thank the Court for its attention to this matter.

      Respectfully submitted,

      Tobias E. Zimmerman
      *Assistant Corporation Counsel*
      Special Federal Litigation Division

cc:    Baree N. Fett, Esq. **(via ECF)**
       *Attorney for Plaintiff*