UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CUAME NELSON,

          Plaintiff,

       -against-

Police Officer ANDRE WAHAB, Shield No.
26376; Police Officer KEVIN BEASLEY, Shield
No. 15136; Sergeant TIMOTHY SHELDON,
Shield No. 01747; Sergeant YANCY BLOWE,
Shield No. 02316; Sergeant MATTHEW CAHILL,
Shield No. 01163; Sergeant VANCE MERRICK,
Shield No. 2912; Sergeant ANTHONY
ARMISTEAD; and JOHN and JANE DOE 4
through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

          Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

14 CV 3013 (ILG) (JO)

## NATURE OF THE ACTION

1.   This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Cuamé Nelson ("plaintiff" or "Mr. Nelson") is a resident of Kings County in the City and State of New York.

7.      Defendant Police Officer Andre Wahab, Shield No. 26376 ("Wahab"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Wahab is sued in his individual and official capacities.

8.      Defendant Police Officer Kevin Beasely, Shield No. 15136 ("Beasely"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Beasely is sued in his individual and official capacities.

9.      Defendant Sergeant Timothy Sheldon, Shield No. 01747 ("Sheldon"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sheldon is sued in his individual and official capacities.

10.     Defendant Sergeant Yancy Blowe, Shield No. 02316 ("Blowe"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Blowe is sued in his individual and official capacities.

11.     Defendant Sergeant Vance Merrick, Shield No. 2912 ("Merrick"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Merrick is sued in his individual and official capacities.

12.     Defendant Sergeant Anthony Armistead ("Armistead") at all times relevant herein, was an officer, employee and agent of the NYPD.   Defendant Armistead is sued in his individual and official capacities.

13.     At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

14.     At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

15.     At all times relevant herein, all individual defendants were acting under color of state law.

-3-

## STATEMENT OF FACTS

*April 19, 2013 Arrest*

16.     At approximately 8:15 p.m., on April 19, 2013, Mr. Nelson was lawfully in the area of Howard and Blake Avenues in Brooklyn, New York.

17.     As Mr. Nelson was walking home with friends, defendants, including defendant Beasely, stopped plaintiff and his friends and demanded their identification.

18.     When Mr. Nelson asked why they had to produce identification, defendants, without reasonable suspicion or probable cause to believe plaintiff had committed a crime, detained, searched and handcuffed plaintiff.

19.     Mr. Nelson was taken to the 73rd Precinct and put in a cell.

20.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of an open container of alcohol and prepared false paperwork, including an arrest report.

21.     At no point did the officers observe Mr. Nelson commit any crime or offense, including possessing an open container of alcohol.

22.     Plaintiff was eventually taken to Brooklyn Central Booking.

23.     Mr. Nelson was arraigned in Kings County Criminal Court, where the charges against him were immediately adjourned in contemplation of dismissal.

24.     After approximately twenty-four hours in custody, plaintiff was released.

*June 2, 2013 Arrest*

25.    At approximately 2:30 a.m. on June 2, 2013, Mr. Nelson was lawfully walking in the vicinity of 1178 East New York Avenue in Brooklyn, New York.

26.    After attending a party, Mr. Nelson was walking to a bus stop when a defendant officer grabbed him by his arm while another defendant officer handcuffed him.

27.    After Mr. Nelson was handcuffed, a defendant officer struck him in the head and threw him to the ground.

28.    Mr. Nelson was forcefully picked up by his handcuffs, taken to a police vehicle and transported to PSA2.

29.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct governmental administration, act disorderly and resist arrest and prepared false paperwork, including an arrest report.

30.    At no point did the officers observe Mr. Nelson commit any crime or offense.

31.    Plaintiff was eventually taken to Brooklyn Central Booking.

32.    Mr. Nelson was arraigned in Kings County Criminal Court, where he was released on his own recognizance and compelled to return to court at a later date.

33.    After approximately fifteen hours in custody, plaintiff was released.

34.    On or about December 4, 2013, the charges against Mr. Nelson were adjourned in contemplation of dismissal.

35.    Mr. Nelson suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search (Two Counts)

36.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

38.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest (Two Counts)

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

42.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

44.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial (Two Counts)

45.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.    The individual defendants created false evidence against plaintiff.

47.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

48.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

49.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene (Two Counts)

50.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

53.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a)  Compensatory damages against all defendants, jointly and severally;

    (b)  Punitive damages against the individual defendants, jointly and severally;

    (c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d)  Such other and further relief as this Court deems just and proper.

Dated:       October 22, 2014
            New York, New York

                HARVIS WRIGHT & FETT LLP

                Baree N. Fett
                305 Broadway, 14th Floor
                New York, New York 10007
                (212) 323-6880
                bfett@hwf.nyc

                *Attorneys for plaintiff*